**Phyllis MILLER, Plaintiff,**

**v.**

**MATERIAL SCIENCES CORP., William H. Vrba, Robert G. Evans, Gerald G. Nadig, James J. Waclawik Sr. and John Doe, Defendants.**

**No. 97 C 2450.**

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 11, 1997.

Robert D. Allison, Chicago, IL, Jules Brody, Howard T. Longman, Stull, Stull & Brody, New York City, Joseph H. Weiss, Law Offices of Joseph H. Weiss, New York City, for Phyllis Miller, plaintiff.

Garrett B. Johnson, Bradley E. Lerman, Dani R. James, Kirkland & Ellis, Chicago, IL, for Material Sciences Corporation, defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Phyllis Miller has filed an amended complaint asserting a class action against Material Sciences Corporation ("Material Sciences") and various current or former officers of Material Sciences (collectively "defendants"). The amended complaint also names, as a "John Doe" defendant, a plant controller who previously worked for Material Sciences. "John Doe" was later identified as Robert Sutton ("Sutton").[1] Plaintiff asserts that defendants committed fraud in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (Count I) and Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a) (Count II). Defendants have moved to dismiss plaintiff's amended complaint pursuant to Fed.R.Civ.P. 9(b) and Fed.R.Civ.P. 12(b)(6). In response, plaintiff has moved for leave to file a second amended complaint. For the reasons set forth below, plaintiff's motion for leave to file a second amended complaint is granted, and defendants' motion to dismiss plaintiff's amended complaint is denied as moot.

### DISCUSSION

Defendants argue that Count I of plaintiff's amended complaint must be dismissed because plaintiff failed to state, with suffi-

cient particularity, facts giving rise to a strong inference that defendants acted with the intent to defraud, as required by 15 U.S.C. § 78u–4(b)(2). Defendants argue that Count II must be dismissed because a cause of action under Section 20(a) may not be brought in the absence of a primary violation, such as that alleged in Count I. In the proposed second amended complaint, plaintiff includes additional, more specific allegations which relate to defendants' alleged awareness of accounting irregularities and financial misrepresentations at Material Sciences. The court will not rule on the merits of plaintiff's second amended complaint under Rules 9(b) and 12(6) without the benefit of briefing on a motion to dismiss the second amended complaint, should defendants file such a motion.[2] Nevertheless, the court notes that the additional allegations appear to cure the deficiencies raised by defendants in their motion to dismiss the amended complaint.

The additional allegations in the second amended complaint are based primarily on discussions that one of plaintiff's attorneys, Howard Longman ("Longman"), had with Sutton, the former plant controller at Material Sciences. Defendants object to the filing of plaintiff's second amended complaint, arguing that Longman, by conducting these discussions, violated the applicable "anti-contact rule"—Rule 4.2 of the Rules of Professional Conduct for the United States District Court for the Northern District of Illinois. Rule 4.2 states:

> During the course of representing a client a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by another lawyer in that matter unless the first lawyer has obtained the prior consent of the lawyer representing such other party or as may otherwise be authorized by law.

Defendants assert that attorney Kevin Horan ("Horan") represents Sutton in the instant action and in connection with an ongoing investigation by the Securities and Exchange

---

**1.** Sutton, however, has yet to be served by plaintiff.

**2.** In their response to plaintiff's motion for leave to file, defendants do not address the merits of the second amended complaint.

Commission ("SEC") into the accounting irregularities at Material Sciences. Defendants claim that Longman violated Rule 4.2 by contacting Sutton directly and discussing the accounting irregularities at Material Sciences with him, without informing Horan or obtaining Horan's consent, even though Longman knew at the time that Horan was representing Sutton.[3] On the basis of this alleged ethical violation, defendants request that this court: (1) deny plaintiff's motion for leave to file a second amended complaint; (2) bar any information obtained during Longman's discussions with Sutton from use in this litigation; (3) order Longman to surrender the original and all copies of all notes, tape recording, memoranda or any other recordation of his discussions with Sutton; (4) disqualify the firms appointed as lead counsel for the plaintiff class—Stull, Stull & Brody and Weiss & Yourman—from further participation in this litigation; and (5) require plaintiff's new counsel to certify that it does not have access to any information that was improperly obtained from Sutton.

The parties agree on the following facts. Sutton retained Horan to represent him in connection with the SEC investigation. Longman contacted Sutton in September, 1997, and asked him whether he was represented by an attorney. When Sutton told Longman that Horan was his attorney, Longman obtained Horan's telephone number and terminated the conversation. Longman then contacted Horan. Horan returned Longman's telephone call and confirmed that he was representing Sutton with respect to the SEC investigation, but stated that he was not aware of any federal action and thus did not know whether he would be retained to represent Sutton in that capacity as well. Longman called Horan for the second time approximately one week later.

At this point, each party's version of events begins to differ. In Horan's affidavit, submitted by defendants. Horan asserts that he told Longman in their second conversation that he "did not know how long [he] would be representing Mr. Sutton in the federal action, [but that he] was representing Mr. Sutton for the time being and would accept service on his behalf." In contrast, Sutton asserts in his affidavit, submitted by plaintiff, that he spoke with Horan three times over the month of September, 1997, but that "no final decision was made as to whether Mr. Horan would represent me in the [f]ederal [a]ction." In fact, Sutton asserts that Horan actually expressed reservations about representing him in the instant action because of the expected cost of the litigation. Sutton states that he decided to contact Longman directly, after Horan failed to return one of his telephone calls.

Plaintiff has also submitted Longman's affidavit. Both Sutton and Longman assert that, when Sutton contacted Longman specifically asked Sutton whether he was represented by counsel in the instant action. Both state that Sutton told Longman that he "had decided to proceed in this matter on [his] own, and that [he] was not represented by counsel." Both state that they did not discuss any substantive matters at that time, but attempted to schedule meeting. Longman asserts that, in the meantime, he conducted his own research on the relevant ethical issues and solicited advice from Charles W. Wolfram ("Wolfram"), a professor of law and ethics at Cornell Law School.[4] Sutton and Longman assert that they met on October 9, 1997, along with an attorney representing plaintiffs in a similar state action against Material Sciences. Sutton and Longman state that Sutton reiterated at this meeting that he was not represented by counsel in the instant action and wanted to proceed without counsel, and agreed to coop-

---

**3.** Defendants do not contend that Sutton, because he is a former employee of Material Sciences, is a party represented by Material Sciences counsel under Rule 4.2. This is appropriate since the interests of defendants are opposed to the interests of Sutton because defendants contend that Sutton was responsible for the accounting irregularities that led to the alleged fraud. In any event, courts in this Circuit have held that Rule 4.2 does not en-

compass a defendant organization's former employees. *See Ahern v.. Board of Education,* 1995 WL 680476, at *1–2 (N.D.Ill. Nov.14, 1995) and cases collected therein.

**4.** Plaintiff has submitted Wolfram's affidavit in which Wolfram analyzes Longman's conduct and concludes that Longman did not violate Rule 4.2.

erate with plaintiffs in the instant action and the other state action in exchange for a promise by the plaintiffs in those actions not to name him as a defendant.

Under Rule 1.2 of the Rules of Professional Conduct for this court, Sutton, as the client, determines the scope of his representation by an attorney, and Horan, as the attorney, must abide by Sutton's decision. Sutton has clearly stated in his affidavit that his representation by Horan was limited to the SEC investigation, which Sutton distinguishes from the instant action. It appears to this court that Longman, mindful of his ethical obligations, did all that would be expected under the circumstances of this case. He was entitled to act on Sutton's insistence that Horan did not represent him in this litigation. Accordingly, the anti-contact rule did not preclude Longman from contacting Sutton, and their discussions were ethically permissible.

 Even if the anti-contact rule did apply, those who are objecting to Longman's conduct do not appear to have standing to do so. The anti-contact rule is meant to, "(1) prevent[ ] unprincipled attorneys from circumventing opposing counsel to obtain careless statements from adverse parties, (2) protect[ ] the integrity of the attorney-client relationship, (3) prevent[ ] the inadvertent disclosure of privileged information, and (4) facilitate[ ] settlement by channeling disputes through lawyers familiar with the negotiation process." *Guillen v. Chicago,* 956 F.Supp. 1416, 1427 (N.D.Ill.1997). In other words, a violation of the anti-contact rule implicates the interests of the client or, at most, the interests of the client and his attorney. In this case, the client, Sutton, does not object to the allegedly unethical conduct, which has apparently worked to his benefit. Although Horan objects Sutton claims that Horan was not, and is not, his attorney with respect to this action, and Horan has not filed an appearance. Although defendants object, the anti-contact rule was not fashioned to protect third-parties from potentially harmful evidence. *Ahern v. Board of Education,* 1995 WL 680476, at *2 (N.D.Ill. Nov.14, 1995) ("Although a former employee may certainly damage a corporation by divulging facts which ultimately give rise to liability, the possibility of that occurrence simply does not implicate the objectives of Rule 42"). Accordingly, plaintiff may use the information obtained from Sutton as the basis for the additional allegations in the second amended complaint.

### *CONCLUSION*

Plaintiff's motion for leave to file a second amended complaint is granted. Defendants' motion to dismiss the amended complaint is denied as moot.